UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTOPHER BROWN, | : | |
|     Plaintiff, | : | CASE NO. 3:17-cv-1427 (MPS) |
| | : | |
| v. | : | |
| | : | |
| ANTONIO SANTIAGO, et al. | : | |
|     Defendants. | : | December 28, 2017 |

---

**RULING ON AMENDED COMPLAINT (ECF No. 9)**

On August 23, 2017, plaintiff Christopher Brown, an inmate currently housed at Cheshire Correctional Institution in Cheshire, CT, brought a civil complaint (ECF No. 1) *pro se* under 42 U.S.C. § 1983 against Warden Antonio Santiago, Warden Faucher, Director of Offender Classification and Population Management David Maiga, District Administrator Edward Maldonado, and Captain Daniel Dauherty in their individual and official capacities for damages and injunctive relief. The plaintiff alleged that the defendants acted with deliberate indifference to his safety, in violation of his Eighth Amendment protection against cruel and unusual punishment, for events that occurred while he was housed at Corrigan-Radgowski Correctional Institution ("Corrigan") in Uncasville, Connecticut. On August 24, 2017, this Court granted his motion to proceed *in forma pauperis*. *See* Order #6.

On October 17, 2017, this court dismissed the plaintiff's Eighth Amendment claim against defendants Santiago, Faucher, Maiga, and Maldonado under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief could be granted. Initial Review Order (ECF No. 8) at 5. The court dismissed without prejudice the plaintiff's claim against defendant Dauherty but permitted him the opportunity to submit an

amended complaint with additional factual allegations supporting a deliberate indifference to safety claim against Dauherty. *Id.* at 6, 8.

On November 15, 2017, the plaintiff filed an amended complaint. Am. Compl. (ECF No. 9). However, rather than allege additional facts against defendant Dauherty, he withdrew his claim against Dauherty, and restated his claim against defendants Santiago, Maiga, and Maldonado. Although it does not comply with the instructions in the Initial Review Order, the court will construe the amended complaint as seeking reconsideration of the order dismissing the claim against Santiago, Maiga, and Maldonado. The amended complaint seeks damages against Santiago, Maiga, and Maldonado but does not specify in what capacity the plaintiff is suing them. For reasons stated below, the plaintiff's amended complaint may proceed against defendants Santiago and Maiga in their individual capacities, but his claim against defendant Maldonado is dismissed.

I.  Relevant Legal Principles

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally

and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

II. <u>Factual Allegations</u>

On May 18, 2011, the plaintiff was involved in a physical altercation with another inmate, Jose Torres, while housed at Garner Correctional Institution ("Garner") in Newtown, Connecticut. *See* Am. Compl. At 10; Pl.'s Ex. (ECF No. 9-1) at 26. The plaintiff later pled guilty to a disciplinary report that was issued as a result of that incident. Pl. Ex. (ECF No. 9-1) at 28.

Defendant Maiga is the Director of Population Management and determines where an inmate will be housed based, in part, on whether there exist any documented "profiles" between that inmate and another inmate that would warrant separation.

On January 9, 2017, defendant Maiga transferred the plaintiff to Corrigan[1] "knowing that [the plaintiff] had a profile with Jose Torres," who at that time was also housed at Corrigan. Defendant Santiago, the Warden of Corrigan, placed the plaintiff in the H-Pod unit, the same housing unit as Torres, despite knowing that he had an existing separation profile with Torres. The plaintiff claims that he has "an abundance of proof and records that there was a profile between [Torres and him]." Pl.'s Ex. (ECF No. 9-1) at 23. On January 12, Torres and another inmate, both of whom were members of the Latin Kings gang, assaulted the plaintiff in his cell in the H-Pod unit.

---

[1] It is unclear from the amended complaint whether the plaintiff was transferred from Garner to Corrigan or whether he was housed at another facility in between the two.

3

After the assault, the plaintiff was taken to the restrictive housing unit at Corrigan for one day and issued a disciplinary report for fighting. Correctional staff later determined that the plaintiff merely defended himself during the attack, and the report was dismissed.

Shortly after he was released from the restrictive housing unit, the plaintiff began suffering from headaches and blackouts. He repeatedly filed requests for medical assistance. It was not until the plaintiff threatened legal action that medical staff responded to his requests and treated him for his injuries.

After the assault, the plaintiff submitted a request to Counselor Supervisor Lacy seeking information on any known profiles concerning Torres and him. Lacy informed the plaintiff that there were no known profiles regarding the two of them. The plaintiff believes that Lacy lied to him. He then filed grievances with "the warden"[2] and other supervisory staff regarding any documented information on Torres and him, followed by a "Level 2 grievance" to defendant Maldonado in March of 2017 stating his concerns about his placement in the H-Pod and the subsequent assault. Maldonado denied the plaintiff any form of relief.

On March 27, 2017, defendant Santiago responded to one of the plaintiff's grievances stating that the staff at Corrigan "would have no knowledge of any prior incidents [with Torres] if no profiles were entered into the computer." Pl.'s Ex. (ECF No. 9-1) at 25. Santiago instructed the plaintiff to forward to him any documentation he

---

[2] It is unclear whether the plaintiff is referring to Warden Santiago or a subsequent warden in this instance.

had stating otherwise.³ *Id.* He also stated that "[i]t wasn't until the incident that occurred on 1/27/17 [that Corrigan staff learned] from a comment that was made from one of the other inmates, that [the plaintiff] may have had a previous altercation with them while housed at another facility." *Id.*

III. Analysis

To state a claim for deliberate indifference to safety, the plaintiff must show that the alleged conduct is sufficiently serious and that the defendants acted with a sufficiently culpable state of mind, that is, that they acted maliciously and sadistically to cause harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The defendants must have been aware that the plaintiff faced an excessive risk to his health and safety and ignored that risk. *See id.* at 837. To determine whether the defendants were aware that the plaintiff faced an excessive risk of serious harm, the courts "look at the facts and circumstances of which the official was aware at the time he acted or failed to act." *Hartry v. County of Suffolk*, 755 F. Supp. 2d 422, 436 (E.D.N.Y. 2010) (internal quotation marks and citation omitted).

After reviewing the amended complaint and construing the allegations in the light most favorable to the plaintiff, the court concludes that the plaintiff has alleged sufficient facts to support an Eighth Amendment claim for deliberate indifference to safety against defendants Santiago and Maiga. He alleges that Maiga transferred him to the same facility and that Santiago placed him in the same housing unit as Torres even though they both knew that he had an existing profile with Torres warranting their separation. He

---

³ The plaintiff's amended complaint does not allege whether he forwarded to Santiago his documented records showing a known profile with Torres.

5

also claims that he has written proof of the profile despite Santiago's assertion that there were no documented profiles regarding the two inmates. The plaintiff has not, however, alleged any facts supporting a claim against Maldonado. He only alleges that Maldonado denied his March 2017 grievance seeking "remedial action" for his placement in the H-Pod unit and subsequent assault. *See* Am. Compl. at ¶ 40. This allegation is insufficient to support a claim for deliberate indifference to safety. *See Jusino v. Mark Frayne*, 16 Civ. 961, 2016 WL 4099036, *5 (D. Conn. Aug. 2, 2016) (denial of grievance insufficient to establish personal involvement of supervisory defendant). The plaintiff does not allege that Maldonado had any prior knowledge of the profile he had with Torres or had any involvement in his placement in the H-Pod unit at Corrigan. Thus, his Eighth Amendment claim may proceed against Santiago and Maiga but is dismissed against Maldonado.

The plaintiff does not specify in his amended complaint whether he is suing the defendants in their individual capacities, official capacities, or both. To the extent he seeks damages against Santiago and Maiga in their official capacities, such a claim is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Quern v. Jordan*, 440 U.S. 332, 342 (1979). Because the plaintiff only seeks monetary relief, any claim against Santiago and Maiga in their official capacities is dismissed. *See Watson v. Doe*, 15 Civ. 1356 (BKS) (DEP), 2016 WL 347339, *41 n.5 (N.D.N.Y. Jan. 28, 2016) (dismissing all claims against defendants in official capacities when plaintiff does not seek declaratory or injunctive relief). His Eighth Amendment claim may proceed against Santiago and Maiga in their individual capacities.

6

**ORDERS**

(1) The plaintiff's amended complaint (ECF No. 9) is dismissed as to defendant Maldonado. His Eighth Amendment claim for deliberate indifference to safety as stated in the amended complaint may proceed against defendants Santiago and Maiga in their individual capacities for damages.

(2) The Clerk shall verify the current work address for defendants Santiago and Maiga with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet containing the amended complaint (ECF No. 9) to those defendants at the confirmed address within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the **thirty-fifth (35) day** after mailing. If Santiago and/or Maiga fail to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on them, and they shall be required to pay the costs of such service in accordance with Fed. R. Civ. P. 4(d).

(3) Defendants Santiago and Maiga shall file their response to the amended complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(4) Discovery, pursuant to Fed. R. Civ. P. 26–37, shall be completed within **six months (180 days)** from the date of this order. Discovery requests need not be filed with the court.

(5) All motions for summary judgment shall be filed within **seven months (210 days)**

from the date of this order.

It is so ordered.

Dated at Hartford, Connecticut this 28th day of December 2017.

/s/
Michael P. Shea, U.S.D.J.